IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER** : | **CIVIL ACTION** |
| : | |
| **v.** : | |
| : | |
| **CITY HOUSE HOSTELS,** An (Apparently) : | |
| Unlicensed Pennsylvania Business, : | |
| **WWW.CITYHOUSEHOSTELS.COM**, A : | |
| Website**, XYZ CORPORATION,** A : | |
| Pseudonym and **JOHN DOES 1-5,** : | |
| In Their Individual Capacity : | **NO. 17-2540** |

### ORDER

**NOW,** this 20th day of June, 2017, upon consideration of the petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Document No. 1), it is **ORDERED** that:

1. Plaintiff is granted leave to proceed *in forma pauperis*; and

2. The complaint is **DISMISSED**.[1]

/s/TIMOTHY J. SAVAGE

---

[1] Plaintiff's claim under the Fair Labor Standards Act is frivolous. A prospective employee cannot bring an action against a prospective employer under the FLSA for retaliation. *See Dellinger v. Science Applications Int'l Corp.*, 649 F.3d 226, 227 (4th Cir. 2011). Thus, there is no federal question jurisdiction.
    Nor is there diversity jurisdiction. The plaintiff has not alleged the citizenship of the parties. In the complaint, he lists the addresses of himself and the defendants in Philadelphia. Therefore, in the absence of allegations regarding the citizenship of the parties, we cannot determine that they are diverse.
    Because federal courts are courts of limited jurisdiction, there is a presumption that the federal court lacks jurisdiction without an affirmative statement to the contrary. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). In the absence of a proper and complete allegation of diversity jurisdiction, a federal court is without jurisdiction. *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999); 28 U.S.C. § 1332.