IN IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY HOUSE HOSTELS,** An (Apparently) | : | |
| Unlicensed Pennsylvania Business, | : | |
| **WWW.CITYHOUSEHOSTELS.COM,** A | : | |
| Website**, XYZ CORPORATION,** A | : | |
| Pseudonym and **JOHN DOES 1-5,** | : | |
| In Their Individual Capacity | : | **NO.  17-2540** |

## MEMORANDUM

**Savage, J.**                                                            **November 22, 2017**

*Pro se* plaintiff Gordon Roy Parker asks us to reconsider our June 20, 2017 order

dismissing his complaint for lack of subject matter jurisdiction.  He argues that we erred

in finding that he was not an employee under the Fair Labor Standards Act ("FLSA")

with standing to bring an anti-retaliation action against the defendant.  Parker also

maintains that, contrary to our finding, he established diversity jurisdiction because

defendant City House Hostels operates in cities outside of Philadelphia.

Parker has not demonstrated any basis to support reconsideration.  Therefore,

we shall deny his motion for reconsideration.

## Background[1]

On June 3, 2017, in response to defendant City House Hostels' job

advertisement seeking to employ one or two individuals as resident assistants in

exchange for free room and board, Parker, believing this employment arrangement

violated the FLSA, included in his on-line job application a citation to 29 U.S.C. §

---

[1] The facts are as recited in the complaint.

203(m) and an admonition that employers cannot charge employees rent "when the housing is for the benefit of the employer."[2]   The next day, Parker sent an e-mail to City House, reiterating his claim that the "ad is illegal."[3]

On June 20, 2017, Parker filed a complaint claiming he was denied employment in retaliation for notifying City House of FLSA violations.  We dismissed the complaint for lack of subject matter jurisdiction.  We concluded there was no federal question jurisdiction because the FLSA does not permit prospective employees, like Parker, to bring retaliation claims against prospective employers.   Nor was there diversity jurisdiction under 28 U.S.C. § 1332 because the parties were not diverse.

## Analysis

A party may move to alter or amend a judgment under Rule 59(e) only where: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice.  *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (citation omitted); *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citation omitted); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  A Rule 59(e) motion may not be used to relitigate issues or present arguments that could have been raised, but were not.  *Blystone*, 664 F.3d at 416 (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

Federal courts have a strong interest in the finality of judgments.  *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995).  Therefore, motions for reconsideration are granted sparingly.  *Id.*

---

[2] Compl. ¶¶ 11-15.

[3] Compl. ¶ 18.

There was no error of law.  Prospective employees, such as Parker, cannot bring a retaliation claim against prospective employers under the FLSA.  *Dellinger v. Science Applications Int'l Corp.*, 649 F.3d 226, 228-31 (4th Cir. 2011); *Glover v. City of North Charleston, S.C.*, 942 F.Supp. 243, 246-47 (D.S.C. 1996); *Harper v. San Luis Valley Reg'l Med. Ctr.*, 848 F. Supp. 911, 914 (D. Colo. 1994); *see also Saini v. Motion Recruitment Partners, LLC*, No. SACV1601534JVSKESX, 2017 WL 1536276, at *5 (C.D. Cal. Mar. 6, 2017) (finding a job applicant who was offered a project manager position that was later "cancelled" was not an employee under the FLSA); *Arias v. Raimondo*, No. 2:13-CV-00904-TLN-EF, 2014 WL 4638361, at *4 (E.D. Cal. June 26, 2014) (dismissing complaint where plaintiff alleged retaliation under the FLSA but did not indicate that defendant was his employer).  Only an employee can sue his present or former employer for retaliation under the FLSA.  *Dellinger*, 649 F.3d at 228.  Thus, a job applicant is not an employee who may bring an action for retaliation under 29 U.S.C. § 216(b).  *Id.*

Parker argues that City House, in addition to operating in Philadelphia, also operates in other cities, such as New Orleans and Washington, D.C.[4]  He does not supply facts regarding the citizenship of the defendants.  He does not allege the state of incorporation or principal place of business of City House.  With respect to the fictitious parties, XYZ Corporation and John Does 1-5, he alleges nothing about them.  The citizenship of these other defendants remains unknown.  Thus, we correctly concluded that in the absence of allegations identifying the citizenship of the defendants, we cannot determine whether they are diverse.

---

[4] Mot. for Recons. at 2 ¶ 7, 5.

**Conclusion**

There is no basis for reconsidering the dismissal of Parker's complaint. Therefore, we shall deny his motion for reconsideration.


/s/TIMOTHY J. SAVAGE